IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:18cr324-1 |
| | ) | |
| EDWARD CARROLL HILTON | ) | |

## MEMORANDUM ORDER

Before the court is the "Notice of Motion and Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)" filed by Defendant Edward Carroll Hilton. (Doc. 73.) Hilton reports that he has been diagnosed with Parkinson's disease and seeks early release. The Government opposes the motion. (Doc. 74). For the reasons that follow, the motion will be denied without prejudice to Hilton exhausting his administrative remedies.

## I. BACKGROUND

Hilton was charged on August 27, 2018, in a single-count indictment alleging a conspiracy with four separate objects involving methamphetamine and its precursors in violation of 21 U.S.C. § 841(a)(1). (Doc. 1.) On November 6, 2018, he pled guilty to object two of the indictment alleging manufacture of methamphetamine. (Doc. 37.) Hilton was sentenced on February 23, 2019, to 87 months imprisonment and 3 years of supervised release, and he was required to pay $175.32 in restitution. Judgment was entered on February 28, 2019, and Hilton did not appeal. (Doc.

57.) Hilton is currently incarcerated at the Texarkana Federal Corrections Institute in Texarkana, Texas.

In his present motion, Hilton asserts that he has been diagnosed with Parkinson's disease and "is rapidly deteriorating while in custody." (Doc. 73 at 1.) He states that he has made this request administratively on October 28, 2019, but that it was denied by the warden at Texarkana on November 4, 2019.[1] (Id.)

**II. ANALYSIS**

"Federal law has long authorized courts to reduce sentences of federal prisoners facing extraordinary health conditions," but prior to the passage of the First Step Act of 2018, district courts could grant such reductions only upon a motion by the Director of Bureau of Prisons under 18 U.S.C. § 3582(c)(1). United States v. Beck, 1:13-cr-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). However, Congress amended § 3582(c)(1) when it passed the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. Pertinent here, the First Step Act added a provision to § 3582(c)(1) that allows a defendant to bring a motion for compassionate release directly to a district court after either "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or

---

[1] While Hilton has attached the warden's response to his request, he has not attached his initial request or any materials he may have submitted with it.

2

the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once this exhaustion requirement is met, a defendant must either (1) have "extraordinary and compelling reasons" for a compassionate release, or (2) be at least 70 years old, have served 30 years in prison, and have the Director of Bureau of Prisons determine that the defendant is not a danger to the public. Id. Additionally, a court, in considering a reduction in sentence pursuant to § 3582(c)(1)(A), must consult the sentencing factors set forth in 18 U.S.C. § 3553(a), and may grant the reduction only if it is "consistent with [the] applicable policy statements" issued by the United States Sentencing Commission. Id. This includes United States Sentencing Guideline (U.S.S.G.) § 1B1.13. Section 1B1.13 essentially reiterates the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2); see also Beck, 2019 WL 2716505, at *4. The application notes to § 1B1.13 provide examples of extraordinary and compelling reasons to grant a compassionate release, including when an inmate is suffering from a debilitating medical condition that has "substantially diminishe[d] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he . . .is not expected to

3

recover." U.S.S.G. § 1B1.13 application note 1(A)(ii).[2]

For over a year, the Sentencing Commission has lacked a quorum and thus has not updated its policy statements on compassionate release since the First Step Act was signed into law in December 2018. Beck, 2019 WL 2716505, at *5 n.7. Thus, the current phrasing of § 1B1.13 addresses scenarios in which the Bureau of Prisons Director files a motion for compassionate release, but not situations in which an inmate files a similar motion under § 3582. Nevertheless, § 1B1.13 provides helpful guidance when considering a motion filed by an inmate, but "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." Beck, 2019 WL 2716505, at *6. Therefore, when considering the merits of an inmate's § 3582(c)(1)(A) motion for compassionate release, the court must consider the § 3553(a) factors but is not limited by the policy statements outlined in § 1B1.13. See id.

In the instant case, Hilton requests a compassionate release under § 3582(c)(1)(A) on the grounds that he is suffering from

---

[2] The fact that Hilton suffers from Parkinson's disease alone does not necessarily render his medical condition an "extraordinary and compelling circumstance." What matters is the seriousness of the effects of the disease, not the diagnosis itself. See United States v. Wells, Case No. 92-80236, 2018 WL 1026471, at *2 (E.D. Mich. Feb. 23, 2018) ("Parkinson's is not, in itself, an 'extraordinary' circumstance. . . . [I]ts effects could escalate to such a level as to justify the term, 'compelling.'"). However, the court need not make this determination at this juncture, as Hilton's motion suffers from the procedural deficiencies detailed herein.

4

Parkinson's disease and that the Bureau of Prisons is not properly managing his medical needs. (Doc. 73). Hilton apparently filed an "Inmate Request to Staff" with the warden of the Texarkana Federal Corrections Institute on October 28, 2019 (as noted, a copy was not attached to Hilton's motion). (Id. at 1.) The warden responded on November 4, 2019, that "at this time you are not experiencing any deteriorating mental or physical health that substantially diminishes your ability to function in a correctional facility." (Id. at 5.) The warden stated further, "[a]lthough you are being treated for medical conditions, your medical status is considered stable and this facility can adequately manage your medical needs at this time." (Id.) The warden advised Hilton that he had the right to utilize the administrative remedy process should he disagree. (Id.)

The Government argues that Hilton has failed to demonstrate that he has exhausted his administrative remedies. (Doc. 74 at 5.) It is correct. Hilton has presented no evidence that he took further steps for an administrative review of his denial through the Bureau of Prisons. (Doc. 74-1 ¶ 6.) Because the warden responded to his request within 30 days, Hilton may file a motion for compassionate release in this court only after he has fully exhausted his administrative remedies. See United States v. Nance, Case No. 7:92CR00135, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020) (noting that the "statutory exhaustion requirement [of

§ 3582(c)(1)(A)] has been interpreted to excuse full exhaustion of administrative remedies only if 30 days have elapsed without any response by the Bureau of Prisons to the inmate's request"); United States v. Bolino, Case No. 06-cr-0806 (BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (citing cases from five separate districts holding same). Consequently, Hilton's motion will be dismissed at this time for failure to meet the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). Hilton must pursue and exhaust his appeal remedies within the Bureau of Prisons before returning to this court.

**III. CONCLUSION**

For the reasons stated herein, therefore,

IT IS ORDERED that Hilton's motion for compassionate release (Doc. 73) is DENIED WITHOUT PREJUDICE to his exhausting his administrative remedies within the Bureau of Prisons.

                                                /s/   Thomas D. Schroeder
                                           United States District Judge

February 20, 2020